1  RANDOLPH L. HOWARD, ESQ.
   Nevada Bar No. 006688
2  GEORLEN K. SPANGLER, ESQ.
   Nevada Bar No. 003818
3  **KOLESAR & LEATHAM, CHTD.**
   3320 W. Sahara Avenue, Suite 380
4  Las Vegas, Nevada 89102
   Telephone: (702) 362-7800
5  Facsimile: (702) 362-9472
   E-mail: rhoward@klnevada.com
6          gspangler@klnevada.com

7  Attorneys for FEDERAL DEPOSIT INSURANCE
   CORPORATION, AS RECEIVER FOR FIRST
8  NATIONAL BANK OF NEVADA, SUCCESSOR-
   IN-INTEREST TO FIRST NATIONAL BANK OF
9  ARIZONA

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for FIRST NATIONAL BANK OF NEVADA, successor-in-interest by merger to FIRST NATIONAL BANK OF ARIZONA, N.A., a national banking association<br><br>Plaintiff,<br><br>vs.<br><br>LAKE ELSINORE 521, LLC a Nevada limited liability company; BRADLEY F. BURNS, an individual; and DOES 1 through 100 inclusive,<br><br>Defendant. | Case No.: 2:11-cv-00386-GMN-LRL<br><br>**ORDER GRANTING MOTION TO SEAL OR REDACT EXHIBITS FROM FDIC'S REPLY TO BRADLEY F. BURNS' OPPOSITION TO REQUEST FOR 90-DAY STAY** |

THIS MATTER came before the Court on Plaintiff FDIC's Motion to Seal or Redact Exhibits from FDIC's Reply to Bradley F. Burns' Opposition to Request for 90-Day Stay filed on April 19, 2011. The Court, having reviewed the motion and other documents on file, being fully advised in the premises, and good cause appearing therefore, hereby orders as follows:

IT IS HEREBY ORDERED that FDIC's Motion to Seal or Redact Exhibits from FDIC's Reply to Bradley F. Burns' Opposition to Request for 90-Day Stay is GRANTED.

IT IS FURTHER ORDERED that the FDIC's Reply to Bradley F. Burns' Opposition to

/ / /

/ / /

1  Request for 90-Day Stay [Doc. No. 15] be **SEALED** by the Clerk of the Court.

2  **IT IS SO ORDERED** this 20th day of April, 2011.

_____
Gloria M. Navarro
United States District Judge

KOLESAR & LEATHAM
3320 West Sahara Avenue, Suite 380
Las Vegas, Nevada 89102
Tel: (702) 362-7800 / Fax: (702) 362-9472

925840 (7211-5)                    Page 2 of 2

RANDOLPH L. HOWARD, ESQ.
Nevada Bar No. 006688
GEORLEN K. SPANGLER, ESQ.
Nevada Bar No. 003818
**KOLESAR & LEATHAM, CHTD.**
3320 W. Sahara Avenue, Suite 380
Las Vegas, Nevada 89102
Telephone: (702) 362-7800
Facsimile: (702) 362-9472
E-mail:   rhoward@klnevada.com
          gspangler@klnevada.com

Attorneys for FEDERAL DEPOSIT INSURANCE
CORPORATION, AS RECEIVER FOR FIRST
NATIONAL BANK OF NEVADA, SUCCESSOR-
IN-INTEREST TO FIRST NATIONAL BANK OF
ARIZONA

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

| FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for FIRST NATIONAL BANK OF NEVADA, successor-in-interest by merger to FIRST NATIONAL BANK OF ARIZONA, N.A., a national banking association,<br><br>Plaintiff,<br><br>vs.<br><br>LAKE ELSINORE 521, LLC a Nevada limited liability company; BRADLEY F. BURNS, an individual; and DOES 1 through 100 inclusive,<br><br>Defendant. | Case No.: 2:11-cv-00386-LRL<br><br>**FDIC'S REPLY TO BRADLEY F. BURNS' OPPOSITION TO REQUEST FOR 90-DAY STAY** |
|---|---|

NOW COMES the Plaintiff, FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for FIRST NATIONAL BANK OF NEVADA, successor-in-interest by merger to FIRST NATIONAL BANK OF ARIZONA, N.A., (hereinafter "FDIC") by and through its counsel of record, and hereby responds to Defendant Bradley F. Burns' Opposition to FDIC's Request for 90-Day Stay ("Opposition") of these proceedings pursuant to the provisions of 12 U.S.C. § 1821 (d)(12)(A)(ii).

# MEMORANDUM OF LAW

## A. The FDIC Is Entitled To A Stay Of These Proceedings

In his Opposition, Burns argues that the FDIC is not entitled to a 90-day stay because "this is not the FDIC's first request for a 90-day stay in this case" because "the FDIC previously was granted a 90-day stay when it was first appointed receiver for First National Bank of Nevada on July 25, 2008." Opposition, page 3. However, the case pending before this Court is not the "same case" in which the prior 90-day stay was granted. That case was in the United States District Court for the Central District of California and it was that case which led to the judgment that Burns is trying to enforce, by way of a Writ of Execution, in this case. In other words, this action on the Writ is an entirely new case, brought in a different federal court, in a different jurisdiction, and bearing a different case number. Consequently, the prior stay, granted in California, is irrelevant to these proceedings.

Burns then goes on to argue that the only time the FDIC is entitled to the 90-day stay is within 90 days of its appointment. Opposition at page 4 citing to *Praxis Properties. Inc. v. Colonial Savings Bank, S.L.A.*, 947 F.2d 49, 70-71 (3rd Cir. 1991), and its progeny. In making this argument, Burns ignores the language of the 12 USC §1281(12)(A) which provides that the FDIC may request a stay for a period not to exceed 90 days "in any judicial action or proceeding to which such institution is or becomes a party." As recognized by the United States Bankruptcy Court in *In re George M. Bumpus. Jr. Constructon Co.*, 144 B.R. 1 (Bankr. D.Mass. 1992):

> This Court disagrees with the Third Circuit. The *Praxis* interpretation would render superfluous that section of the statute that allows the liquidator to request a stay when it "becomes a party." In other words, if, under *Praxis*, the liquidating agent has been in a position for more than ninety days and litigation commences, it would not be able to request the stay that is clearly contemplated by the statute. This is not a fair reading of the words of the statute, which this court finds to be clear within the *Ron Pair* standard.

Id. at 3.

As stated above, this is a new action to enforce a judgment in which the institution has become a party. Therefore, it falls squarely within the plain language of the statute and this action must be stayed for 90-days.

### B. These Enforcement Proceedings Are Moot

Since the filing of this action to enforce the California judgment, the FDIC has issued a Receiver's Certificate in the amount of $116,491.76 to Bradley F. Burns. A true and correct copy of the Receiver's Certificate and cover letter are attached hereto as Exhibit 1.

There is no question that the FDIC may pay creditors with receiver's certificates instead of cash. *Battista v. F.D.I.C.*, 195 F.3d 1113, 1116 (9th Cir. 1999), citing to *RTC v. Titan Fin. Corp.*, 36 F.3d 891, 891 (9th Cir. 1994)(per curium). Section 1821(d)(10)(A) authorizes the FDIC, as receiver, to "pay creditor claims . . in such manner and amounts as are authorized under this chapter." In *Titan*, the Ninth Circuit reasoned that the FDIC may use receiver's certificates as its manner of payment because requiring cash payments would subvert the comprehensive scheme of FIRREA including §1821(i)(2)'s limitation on an unsecured general creditor's claim to only a pro rata share of the proceeds from the liquidation of the financial institution's assets. *See Titan*, 36 F.3d at 892 (citing *Franklin Bank v. FDIC*, 850 F.Supp. 845 (N.D.Cal. 1994)). To require the FDIC to pay certain creditors in cash would allow those creditors to "jump the line," recovering more than their pro rata share of the liquidated assets, if the financial institution's debts exceed its assets. *Battista*, 195 F.3d at 1117. *See also: F.D.I.C. v. Phoenix Casa Del Sol, LLC*, 2011 WL 81858, *2 (D.Ariz. March 3, 2011)(slip opinion).

Because the FDIC has issued a Receiver's Certificate to Burns, he has been paid. Therefore, this action is moot and should be dismissed.

DATED this 4th day of April, 2011.

KOLESAR & LEATHAM, CHTD.

By /s/ Georlen K. Spangler
RANDOLPH L. HOWARD, ESQ.
Nevada Bar No. 006688
GEORLEN K. SPANGLER, ESQ.
Nevada Bar No. 003818
3320 W. Sahara Avenue, Suite 380
Las Vegas, Nevada 89102

Attorneys for FEDERAL DEPOSIT
INSURANCE CORPORATION, AS
RECEIVER FOR FIRST NATIONAL BANK
OF NEVADA, SUCCESSOR-IN-INTEREST
TO FIRST NATIONAL BANK OF ARIZONA

## CERTIFICATE OF SERVICE

I hereby certify that I am an employee of Kolesar & Leatham, Chtd., and that on the ____ day of April, 2011, I caused to be served a true and correct copy of foregoing **FDIC'S REPLY TO BRADLEY F. BURNS' OPPOSITION TO REQUEST FOR 90-DAY STAY** in the following manner:

(ELECTRONIC SERVICE) Pursuant to FRCP 5(b)(3) and LR 5-4, the above-referenced document was electronically filed and served upon the parties listed below through the Court's Case Management and Electronic Case Filing (CM/ECF) system:

Christopher H. Byrd, Esq.
Fennemore Craig
300 South Fourth Street, Suite 1400
Las Vegas, Nevada 89101
*Attorneys for Defendant/Judgment Creditor*
*Bradley F. Burns*

_____
An Employee of KOLESAR & LEATHAM, CHTD.

# EXHIBIT 1


**Federal Deposit Insurance Corporation**
1601 Bryan Street, Dallas, TX 75201

Division of Resolutions and Receiverships

March 22, 2011

Bradley F. Burns
C/O Christopher H. Byrd, Esq.
300 South Fourth St
Suite 1400
Las Vegas, NV 89101

SUBJECT:   10008 – FIRST NATIONAL BANK OF NEVADA
RENO, NV – In Receivership
**NOTICE OF ALLOWANCE OF CLAIM**

Dear Claimant:

On July 25, 2008 (the "Closing Date"), the FIRST NATIONAL BANK OF NEVADA, 6275 NEIL RD, RENO, NV, 89511 (the "Failed Institution") was closed by the Office of the Comptroller of the Currency, and the Federal Deposit Insurance Corporation (the "FDIC") was appointed Receiver (the "Receiver").

Enclosed you will find a Receiver's Certificate in the amount of $116,491.76. The enclosed Receivership Certificate represents a formal record of your claim as allowed. As the FDIC acting as Receiver liquidates the assets of the Failed Institution, you may periodically receive payments on your claim through dividends. The Receiver pays dividends according to the priorities established by applicable law.

The Receiver will send your dividends to the address shown on your Receivership Certificate, please notify this office if your address changes.

If you have uninsured deposits, as established by the FDIC's insurance determination, you automatically have a claim for such funds. **In the event you disagree with the FDIC's determination with respect to your uninsured deposits, you may seek a review of the FDIC's determination in the United States District Court for the federal judicial district where the principal place of business of the Failed Institution was located. You must request this review no later than 60 days after the date of this letter.**

If you have any questions, please call (972) 761-8677.

Sincerely,

Claims Agent
Claims Department

RLS7213

<u>            10008 - FIRST NATIONAL BANK OF NEVADA            RENO, NV            </u>
(Name and Location of Bank)

## RECEIVERSHIP CERTIFICATE OF PROOF OF CLAIM - NO.383

March 22, 2011

THIS IS TO CERTIFY THAT <u>Bradley F. Burns</u>                              ▇▇▇-6214
                                    (Name)                                              (Tax No.)

Of <u>C/O Christopher H. Byrd, Esq., 300 South Fourth St, Suite 1400, Las Vegas, NV</u>
                                    (Address)

has made satisfactory proof that    <u>Bradley F. Burns</u>

is a creditor of the <u>10008 - FIRST NATIONAL BANK OF NEVADA</u>          in the amount of

<u>One hundred sixteen thousand four hundred ninety one and seventy six /100</u>

_____ Dollars upon the following

claim to wit:

|  |  |  | FDIC USE ONLY | |
|---|---|---|---|---|
| **CLAIM NUMBERS** | **ACCOUNT NUMBERS** | **AMOUNTS** | **DPC#/TAX CODE** | **AMOUNTS** |
| 500009291-000 |  | $116,491.76 | 940.0 | $114,971.00 |
| **TOTALS** |  | **$116,491.76** | 940.1 | $1,520.76 |
|  |  |  | **TOTALS** | **$116,491.76** |

Balance due in excess of any amount paid by and assigned the Federal Deposit Insurance Corporation and said creditor or the lawful assignee of this claim will alone be entitled to any distributions made hereon.

No assignment of this claim, or any portion thereof, will be recognized as to any distribution unless written notice of assignment has been given to the Receiver and accepted by it and entered thereon before such distribution has been paid. Please complete the section below **only** if you are assigning your claim to another person or entity.

Claimant should notify the Receiver promptly of any change in claimant's address.

FEDERAL DEPOSIT INSURANCE CORPORATION, RECEIVER

By _____
                (Receiver)

ASSIGNMENT OF RECEIVER'S CERTIFICATE          Date: _____, _____

For value received claimant herein named hereby transfers and assigns the within claim to:

_____
(Name and Address)

_____          _____
(Original Claimant Signature)                              (Date Signed)

FDIC accepted/entered on Date: _____, _____   by _____

RLS7213                                                                                                        2