RANDOLPH L. HOWARD, ESQ.
Nevada Bar No. 006688
GEORLEN K. SPANGLER, ESQ.
Nevada Bar No. 003818
**KOLESAR & LEATHAM, CHTD.**
3320 W. Sahara Avenue, Suite 380
Las Vegas, Nevada  89102
Telephone:  (702) 362-7800
Facsimile:  (702) 362-9472
E-mail:     rhoward@klnevada.com
            gspangler@klnevada.com

Attorneys for FEDERAL DEPOSIT INSURANCE
CORPORATION, AS RECEIVER FOR FIRST
NATIONAL BANK OF NEVADA, SUCCESSOR-
IN-INTEREST TO FIRST NATIONAL BANK OF
ARIZONA

KOLESAR & LEATHAM
3320 West Sahara Avenue, Suite 380
Las Vegas, Nevada 89102
Tel: (702) 362-7800 / Fax: (702) 362-9472

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for FIRST NATIONAL BANK OF NEVADA, successor-in-interest by merger to FIRST NATIONAL BANK OF ARIZONA, N.A., a national banking association<br><br>Plaintiff,<br><br>vs.<br><br>LAKE ELSINORE 521, LLC a Nevada limited liability company; BRADLEY F. BURNS, an individual; and DOES 1 through 100 inclusive,<br><br>Defendant. | Case No.: 2:11-cv-00386-GMN-LRL<br><br>**ORDER GRANTING MOTION TO SEAL OR REDACT EXHIBITS FROM FDIC'S EMERGENCY MOTION TO QUASH WRIT OF EXECUTION AND COMPEL SATISFACTION OF JUDGMENT** |

THIS MATTER came before the Court on Plaintiff FDIC's Motion to Seal or Redact Exhibits from FDIC's Emergency Motion to Quash Writ of Execution and Compel Satisfaction of Judgment filed on April 19, 2011.  The Court, having reviewed the motion and other documents on file, being fully advised in the premises, and good cause appearing therefore, hereby orders as follows:

IT IS HEREBY ORDERED that FDIC's Motion to Seal or Redact Exhibits from FDIC's Emergency Motion to Quash Writ of Execution and Compel Satisfaction of Judgment is GRANTED.

IT IS FURTHER ORDERED that the FDIC's Emergency Motion to Quash Writ of

1  Execution and Compel Satisfaction of Judgment [Doc. No. 19] be **SEALED** by the Clerk

2  of the Court.

3       **IT IS SO ORDERED** this 20th day of April, 2011.

4

5  _____

    Gloria M. Navarro

6      United States District Judge

7

8  **KOLESAR & LEATHAM, CHTD.**

9

10 By _____

    RANDOLPH L. HOWARD, ESQ.

11     Nevada Bar No. 006688

    GEORLEN K. SPANGLER, ESQ.

12     Nevada Bar No. 003818

    3320 W. Sahara Avenue, Suite 380

13     Las Vegas, Nevada  89102

14     Attorneys for FEDERAL DEPOSIT

     INSURANCE CORPORATION, AS

15     RECEIVER FOR FIRST NATIONAL

    BANK OF NEVADA, SUCCESSOR-IN

16     -INTEREST TO FIRST NATIONAL

    BANK OF ARIZONA

17

18

19

20

21

22

23

24

25

26

27

28

KOLESAR & LEATHAM
3320 West Sahara Avenue, Suite 380
Las Vegas, Nevada 89102
Tel: (702) 362-7800 / Fax: (702) 362-9472

925844 (7211-5)

1  RANDOLPH L. HOWARD, ESQ.
   Nevada Bar No. 006688
2  GEORLEN K. SPANGLER, ESQ.
   Nevada Bar No. 003818
3  KOLESAR & LEATHAM, CHTD.
   3320 W. Sahara Avenue, Suite 380
4  Las Vegas, Nevada 89102
   Telephone: (702) 362-7800
5  Facsimile: (702) 362-9472
   E-mail:    rhoward@klnevada.com
6             gspangler@klnevada.com

7  Attorneys for FEDERAL DEPOSIT INSURANCE
   CORPORATION, AS RECEIVER FOR FIRST
8  NATIONAL BANK OF NEVADA, SUCCESSOR-
   IN-INTEREST TO FIRST NATIONAL BANK OF
9  ARIZONA

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for FIRST NATIONAL BANK OF NEVADA, successor-in-interest by merger to FIRST NATIONAL BANK OF ARIZONA, N.A., a national banking association | Case No.: 2:11-cv-00386-LRL |
| | **FDIC'S EMERGENCY MOTION TO QUASH WRIT OF EXECUTION AND COMPEL SATISFACTION OF JUDGMENT** |
| Plaintiff, | **[REQUEST PURSUANT TO LR 6-1]** |
| vs. | |
| LAKE ELSINORE 521, LLC a Nevada limited liability company; BRADLEY F. BURNS, an individual; and DOES 1 through 100 inclusive, | |
| Defendant. | |

COMES NOW, Plaintiff, FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for FIRST NATIONAL BANK OF NEVADA, successor-in-interest by merger to FIRST NATIONAL BANK OF ARIZONA, N.A., (hereinafter "FDIC") by and through its counsel of record, and hereby submits this Emergency Motion to Quash Bradley F. Burns' Writ of Execution and to Compel Satisfaction of Judgment. This Emergency Motion is based on and necessitated by Bradley F. Burns having caused a Writ of Execution to issue and having scheduled an execution sale of the FDIC's chose in action[1] for April 26, 2011, all in violation of

_____

[1]    The Notice of Marshal's Sale identifies the personal property to be sold as Plaintiffs'/Judgment Debtors' choses in action, causes of action, and claims brought in the United States District Court – District of Nevada Case

KOLESAR & LEATHAM
3320 West Sahara Avenue, Suite 380
Las Vegas, Nevada 89102
Tel: (702) 362-7800 / Fax: (702) 362-9472

12 U.S.C. § 1821(d)(13).

This Motion is supported by the following Memorandum of Points and Authorities, the Declaration of Georlen Spangler, Esq. ("Spangler Declaration") attached hereto as Exhibit 1, and the papers and pleadings on file with the Court, all of which are incorporated herein by this reference.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    ISSUE PRESENTED

The issue before this Court on this Motion is whether there is any circumstance where the judgment creditor, Bradley Burns, may execute upon his judgment against the FDIC on the FDIC's personal property.  As more fully forth below, there are no circumstances which would allow execution on the judgment in the case at bar.  12 U.S.C. § 1821(d)(13) prohibits Bradley Burns from executing upon his judgment, and the FDIC has also established that the judgment has been satisfied.  Accordingly, the FDIC respectfully requests that the instant emergency motion be granted.

### II.    STATEMENT OF FACTS

On February 10, 2011, Defendant Bradley F. Burns filed a Certification of Judgment for Registration in Another District [Doc. 1].  The final judgment at issue was an award for attorney's fees granted to Burns by the United States District Court, Central District of California.  Thereafter, Burns filed a series of Affidavits and Requests for Issuance of Writ of Execution [Doc. 2 - 6].  On February 24, 2011, a Writ of Execution in favor of Bradley F. Burns and against the FDIC in the amount of $116,491.76 [Doc. 7] was issued by the clerk.  Upon learning of the issuance of the Writ, the FDIC promptly filed a Request for 90-Day Stay pursuant to 12 U.S.C. § 1821 (d)(12)(A)(ii) [Doc. 9] in order to assess the claims and consider issuance of a Receiver's Certificate.

On March 22, 2011, the FDIC issued a Receivership Certificate of Proof of Claim to Bradley Burns in satisfaction of the judgment at issue in this litigation.  A true and correct copy

---

#: 2:08-cv-01571-PMP-GWF, entitled: Federal Deposit Insurance Corporation vs. Jason Halpern, et al.  In this pending case, the FDIC has brought a claim for deficiency judgment against the guarantors of a loan.

KOLESAR & LEATHAM
3320 West Sahara Avenue, Suite 380
Las Vegas, Nevada 89102
Tel: (702) 362-7800 / Fax: (702) 362-9472

KOLESAR & LEATHAM
3320 West Sahara Avenue, Suite 380
Las Vegas, Nevada 89102
Tel: (702) 362-7800 / Fax: (702) 362-9472

1   of the letter from the FDIC to Mr. Burns enclosing the Receivership Certificate of Proof of

2   Claim is attached hereto as Exhibit 2.  It is well established that the FDIC as Receiver is entitled

3   to pay creditors with receiver's certificates.  However, even after the Receivership Certificate

4   was provided to Burns, he has refused to dismiss or cease prosecution of the instant action for

5   enforcement of the judgment.  Burns, through his attorneys, has subsequently filed an opposition

6   to the request for stay [Doc. 12].

7        On March 31, 2011, the FDIC's counsel contacted counsel for Burns regarding the Writ

8   of Execution.  Mr. Burns' counsel was specifically informed that the Receiver's Certificate

9   satisfied the claim and that this action should be dismissed.  *See* Spangler Declaration ¶ 3.   In

10   response, counsel for Burns represented that he had not received a copy of the Receiver's

11   Certificate.   Accordingly, a copy of the certificate was sent to Burns' counsel, and the FDIC

12   renewed its request that the action be dismissed.  *Id.* ¶ 4.   On April 1, 2011, Burns' counsel

13   responded by email stating, "I have not had the opportunity to discuss this with my client but I

14   am sure that he will not accept the certificate as satisfaction of his judgment." *Id.* ¶5.[2]

15        In light of the foregoing, the FDIC filed a Reply in response to Burns' Opposition to the

16   FDIC's Request for 90-Day Stay [Doc. No. 15].  The Reply advised the Court of the Receiver's

17   Certificate which was issued to satisfy the judgment.  Furthermore, due to the fact that the

18   judgment has been paid via the certificate, the FDIC requested that the Court dismiss the instant

19   action as moot.

20        Notwithstanding the fact the judgment has been paid, Burns had a Notice of U.S.

21   Marshal's Sale of Personal Property issued, scheduling the sale of the FDIC's personal property

22   (as described therein) for April 26, 2011.  A copy of the Notice is attached hereto as Exhibit 3.

23   For this reason, the FDIC now brings the instant emergency motion requesting that this Court

24   quash the Writ of Execution and issue an order prohibiting the Marshal from continuing with the

25   sale of personal property identified in the Notice of Sale.  The FDIC further requests that the

26   Court issue an order compelling Mr. Burns and his attorneys to acknowledge the satisfaction of

27   _____

28   [2]    Moreover, the original Receiver's Certificate has been sent to Burns' counsel via hand delivery
     contemporaneously with the filing of this Motion.  A receipt of copy verifying the delivery will be filed separately.

1  the judgment, as it is undisputed that the Receiver's Certificate has been issued to Burns in full

2  satisfaction of the judgment.

3  **III.    LEGAL ARGUMENT**

4      **a.  The Writ of Execution must be quashed and Mr. Burns must be prohibited**

5          **from proceeding with the Marshal's Sale.**

6      12 U.S.C. § 1821 (d)(12)(A) provides in pertinent part the following:

7      After the appointment of a conservator or receiver for an insured depository
institution, the conservator or receiver may request a stay for a period not to

8      exceed --

9      (i)     45 days, in the case of a conservator; and
    (ii)    90 days, in the case of a receiver,

10

11      in any judicial action or proceeding to which such institution is or becomes a
party.

12  12 U.S.C. § 1821 (d)(12)(A).  It is further provided that "[u]pon receipt of a request by

13  any conservator or receiver pursuant to subparagraph (A) for a stay of any judicial action

14  or proceeding in any court with jurisdiction of such action or proceeding, the court shall

15  grant such stay as to all parties." 12 U.S.C. § 1821(d)(12)(B).  According to the plain

16  language of this statute, this action has been stayed, as the FDIC has duly filed a request

17  under 12 U.S.C. § 1821(d)(12).[3]  Therefore, Burns' Writ of Execution must be quashed in

18  order to prevent unlawful execution on the judgment during the stay.

19      Moreover, 12 U.S.C.A. § 1821(d)(13) prohibits Burns from executing upon the

20  judgment at issue in this litigation.  Specifically, 12 U.S.C.A. § 1821(d)(13) states, "[n]o

21  attachment or execution may issue by any court upon assets in the possession of the

22  receiver." 12 U.S.C. §1821(d)(13).  In *RTC v. Cheshire*, the Court held that "Section

23  1821(d)(13)(C) of FIRREA provides that '[n]o attachment or execution may issue by any

24  court upon assets in the possession of the receiver'" and that this "provision bars [the

25  judgment creditor] from registering its judgment against RTC, for it prevents the

26

27  [3]    "[T]he task of interpretation begins with the text of the statute itself, and statutory language must
be accorded its ordinary meaning." *Telematics Int'l, Inc. v. NEMLC Leasing Corp.*, 967 F.2d 703, 706 (1st

28  Cir. 1992).

KOLESAR & LEATHAM
3320 West Sahara Avenue, Suite 380
Las Vegas, Nevada 89102
Tel: (702) 362-7800 / Fax: (702) 362-9472

encumbrance of property owned by the RTC as receiver." *Resolution Trust Corp. v. Cheshire Mgmt. Co., Inc.*, 18 F.3d 330, 334 (6th Cir. 1994)(citing *GWN Petroleum Corp. v. OK-Tex Oil & Gas, Inc.*, 998 F.2d 853, 857 (10th Cir.1993) (§§ 1821(d)(13)(C) and 1825(b)(2) prohibit any "ancillary remedy in aid of execution to obtain payment of a judgment")). The Court further stated that a "judgment lien interferes with the receiver's ability to dispose of assets in much the same manner as an attachment or execution" and to "allow a creditor to do so would frustrate Congress's purpose in enacting § 1821(d)(13)(C), which is to preclude post-receivership improvement of position." *Id.*

Therefore, Burns' Writ of Execution must also be quashed pursuant to 12 U.S.C.A. § 1821(d)(13), as Burns is clearly prohibited from executing upon the assets in possession of the FDIC. Furthermore, this Court must issue an order instructing the Marshal to cancel the sale, as Burns must be prevented from unlawfully prosecuting the instant Writ of Execution.

**b. The Receiver's Certificate issued by the FDIC satisfies Burns' judgment.**

There is no question that the FDIC as Receiver of a failed institution may pay creditors with receiver's certificates instead of cash. *Battista v. F.D.I.C.*, 195 F.3d 1113, 1116 (9th Cir. 1999), citing to *RTC v. Titan Fin. Corp.*, 36 F.3d 891, 891 (9th Cir. 1994)(per curium). Section 1821(d)(10)(A) authorizes the FDIC, as receiver, to "pay creditor claims . . in such manner and amounts as are authorized under this chapter." In *Titan*, the Ninth Circuit reasoned that the FDIC may use receiver's certificates as its manner of payment because requiring cash payments would subvert the comprehensive scheme of FIRREA including §1821(i)(2)'s limitation on an unsecured general creditor's claim to only a pro rata share of the proceeds from the liquidation of the financial institution's assets. *See Titan*, 36 F.3d at 892 (citing *Franklin Bank v. FDIC*, 850 F.Supp. 845 (N.D.Cal. 1994)). To require the FDIC to pay certain creditors in cash would allow those creditors to "jump the line," recovering more than their pro rata share of the liquidated assets, if the financial institution's debts exceed its assets. *Battista*, 195 F.3d at 1117. *See also: F.D.I.C. v. Phoenix Casa Del Sol, LLC* , 2011 WL 81858, *2 (D.Ariz. March 3, 2011)(slip opinion).

KOLESAR & LEATHAM
3320 West Sahara Avenue, Suite 380
Las Vegas, Nevada 89102
Tel: (702) 362-7800 / Fax: (702) 362-9472

1    In the case at bar, the FDIC has issued a Receiver's Certificate to Burns for the amount of

2  the judgment.  Therefore, the judgment has been satisfied. *See* Receiver's Certificate, attached

3  hereto as Exhibit 2, and Declaration of Georlen Spangler, Esq., attached hereto as Exhibit 1.

4  Because the judgment is satisfied, the FDIC is entitled to an entry of satisfaction of judgment.

5  FRCP 69(a) applies the state law of the state where the Court is located to post judgment

6  procedures on money judgments.  NRS 17.200 provides, "[w]henever a judgment is satisfied in

7  fact, the party or attorney shall give such an acknowledgment, and the party who has satisfied the

8  judgment may move the court to compel it or to order the clerk to enter the satisfaction in the

9  docket of judgment."  NRS 17.200; *Arley v. Liberty*, 81 Nev. 411, 412, 404 P.2d 426, 427

10  (1965).

11    As set forth above, the judgment has been satisfied in fact by the Receiver's Certificate.[4]

12  Therefore, the FDIC requests an order directing Burns and his attorneys to enter satisfaction of

13  judgment within ten days, or upon his failure to do so, an order directing the clerk to make such

14  entry.

15  **IV.    CONCLUSION**

16    Based on the foregoing, it is clear that the Writ of Execution and the Marshal's Sale

17  violate 12 U.S.C.A. § 1821(d)(12) and (13).  Therefore, the FDIC respectfully requests that this

18  Court immediately issue an order quashing the Writ of Execution filed by Burns and issue an

19  order instructing the Marshal to cancel the sale scheduled for April 26, 2011.  The FDIC further

20  requests that this Court immediately issue an order directing Burns and his attorneys to enter

21  ///

22  ///

23  ///

24  ///

25

26

27  [4]    "Section 1821(j) states that, except as otherwise provided, the courts shall lack the power to restrain or

28  affect the FDIC in the exercise of those powers." *Telematics Int'l, Inc. v. NEMLC Leasing Corp.*, 967 F.2d 703, 706
(1st Cir. 1992).

KOLESAR & LEATHAM
3320 West Sahara Avenue, Suite 380
Las Vegas, Nevada 89102
Tel: (702) 362-7800 / Fax: (702) 362-9472

1    satisfaction of judgment within ten days, or upon his failure to do so, an order directing the clerk

2    to make such entry.

3        DATED this 12 day of April, 2011.

4                                                        KOLESAR & LEATHAM, CHTD.

5                                                  By _____ #10106 for

6                                                     RANDOLPH L. HOWARD, ESQ.
                                                       Nevada Bar No. 006688
7                                                     GEORLEN K. SPANGLER, ESQ.
                                                       Nevada Bar No. 003818
8                                                     3320 W. Sahara Avenue, Suite 380
                                                       Las Vegas, Nevada  89102
9
                                                       Attorneys for FEDERAL DEPOSIT
10                                                    INSURANCE CORPORATION, AS
                                                       RECEIVER FOR FIRST NATIONAL BANK
11                                                    OF NEVADA, SUCCESSOR-IN-INTEREST
                                                       TO FIRST NATIONAL BANK OF ARIZONA
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**KOLESAR & LEATHAM**
3320 West Sahara Avenue, Suite 380
Las Vegas, Nevada 89102
Tel: (702) 362-7800 / Fax: (702) 362-9472

919496.doc (7211-5)

Page 7 of 8

1

**CERTIFICATE OF SERVICE**

2    I hereby certify that I am an employee of Kolesar & Leatham, Chtd., and that on the

3    12 day of April, 2011, I caused to be served a true and correct copy of foregoing FDIC'S

4    EMERGENCY MOTION TO QUASH WRIT OF EXECUTION AND COMPEL

5    SATISFACTION OF JUDGMENT in the following manner:

6    (ELECTRONIC SERVICE)  Pursuant to FRCP 5(b)(3) and LR 5-4, the above-referenced

7    document was electronically filed and served upon the parties listed below through the Court's

8    Case Management and Electronic Case Filing (CM/ECF) system:

9    Christopher H. Byrd, Esq.
     Fennemore Craig
10   300 South Fourth Street, Suite 1400
     Las Vegas, Nevada 89101
11   *Attorneys for Defendant/Judgment Creditor*
     *Bradley F. Burns*
12

13

14                         An Employee of KOLESAR & LEATHAM, CHTD.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KOLESAR & LEATHAM
3320 West Sahara Avenue, Suite 380
Las Vegas, Nevada 89102
Tel: (702) 362-7800 / Fax: (702) 362-9472

919496.doc (7211-5)

# EXHIBIT 1

# EXHIBIT 1

RANDOLPH L. HOWARD, ESQ.
Nevada Bar No. 006688
GEORLEN K. SPANGLER, ESQ.
Nevada Bar No. 003818
**KOLESAR & LEATHAM, CHTD.**
3320 W. Sahara Avenue, Suite 380
Las Vegas, Nevada 89102
Telephone: (702) 362-7800
Facsimile: (702) 362-9472
E-mail:    rhoward@klnevada.com
           gspangler@klnevada.com

Attorneys for FEDERAL DEPOSIT INSURANCE
CORPORATION, AS RECEIVER FOR FIRST
NATIONAL BANK OF NEVADA, SUCCESSOR-
IN-INTEREST TO FIRST NATIONAL BANK OF
ARIZONA

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for FIRST NATIONAL BANK OF NEVADA, successor-in-interest by merger to FIRST NATIONAL BANK OF ARIZONA, N.A., a national banking association<br><br>                    Plaintiff,<br><br>vs.<br><br>LAKE ELSINORE 521, LLC a Nevada limited liability company; BRADLEY F. BURNS, an individual; and DOES 1 through 100 inclusive,<br><br>                    Defendant. | Case No.: 2:11-cv-00386-LRL<br><br>**DECLARATION OF GEORLEN K. SPANGLER, ESQ. IN SUPPORT OF FDIC'S EMERGENCY MOTION TO QUASH WRIT OF EXECUTION AND COMPEL SATISFACTION OF JUDGMENT**<br><br>**[REQUEST PURSUANT TO LR 6-1]** |

I, **GEORLEN K. SPANGLER, ESQ.**, do hereby declare:

1.      I am a partner with the law firm of Kolesar & Leatham, Chtd., and am one of the attorneys representing the Plaintiff in this matter.  I have personal knowledge of the matters set forth below and am fully competent to testify to all facts set forth in this Declaration.

2.      I make this Declaration in support of Plaintiff FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR FIRST NATIONAL BANK OF NEVADA, SUCCESSOR-IN-INTEREST TO FIRST NATIONAL BANK OF ARIZONA 's

*KOLESAR & LEATHAM, CHTD.*
*3320 West Sahara Avenue, Suite 380*
*Las Vegas, Nevada 89102*
*Tel: (702) 362-7800 / Fax: (702) 362-9472*

**("FDIC") EMERGENCY MOTION TO QUASH WRIT OF EXECUTION AND COMPEL SATISFACTION OF JUDGMENT** (the "Motion"), filed concurrently herewith.

3.　　On March 31, 2011, I spoke with Christopher Byrd, Esq., counsel for Defendant Bradley F. Burns regarding the Writ of Execution and the Receiver's Certificate that was just issued by the FDIC allowing Burns' claim in the amount of $116,491.76. I told Mr. Byrd that the Receiver's Certificate satisfied the claim and that this action should be dismissed.

4.　　Mr. Byrd advised me that he had not yet received the Receiver's Certificate so I sent him an email with the Receiver's Certificate and accompanying cover letter attached. In the email, I reiterated that "the Receiver's Certificate satisfies the claim against the FDIC and, therefore, the Writ of Execution, and we would like to have that action dismissed." A true and correct copy of my March 31, 2011 email is attached hereto as **Exhibit 1**.

5.　　On Friday, April 1, 2011 at 8:40 a.m., Mr. Byrd responded, by email, by stating: "I have not had the opportunity to discuss this with my client but I am sure that he will not accept the certificate as satisfaction of his judgment." I immediately responded back at 9:00 a.m. as follows: "Based on the case law it is not his choice." A true and correct copy of the email chain dated April 1, 2011 is attached hereto as **Exhibit 2**.

6.　　Thereafter, on April 4, 2011, the FDIC filed its Reply to Bradley Burns' Opposition to the FDIC's Request for 90-Day Stay [Doc. 15]. In the Reply, we advised this Court that a Receiver's Certificate had been issued and that according to *Battista v. FDIC*, 195 F.3d 1113, 1116 (9th Cir. 1999), the FDIC was authorized to pay creditors with Receiver's Certificates instead of cash. Therefore, Burns had been paid in full. The FDIC then asked this Court to dismiss this action as moot.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED on April 11th, 2011 in Clark County, Las Vegas, Nevada.

GEORLEN K. SPANGLER, ESQ.

KOLESAR & LEATHAM, CHTD.
3320 West Sahara Avenue, Suite 380
Las Vegas, Nevada 89102
Tel: (702) 362-7800 / Fax: (702) 362-9472

919688 (7211-5)

# EXHIBIT 1

# EXHIBIT 1

## Georlen K. Spangler

| | |
|---|---|
| **From:** | Georlen K. Spangler |
| **Sent:** | Thursday, March 31, 2011 2:44 PM |
| **To:** | cbyrd@fclaw.com |
| **Cc:** | Randolph L. Howard; Natalie M. Cox; E. Daniel Kidd |
| **Subject:** | FDIC adv. Burns:  Receiver's Certificate  (7211-5) |
| **Attachments:** | PDF - Letter from FDIC to Burns re: Notice of Allowance of Claim and Receivership Certificate of Proof of |



911642_1.pdf

Chris,

Attached is a copy of the letter dated March 22, 2011 to Bradley F. Burns c/o you sending the Receiver's Certificate in the amount of $116,491.76, which is the amount we calculated to be due on the California Judgment.  You said that you have not yet received this.

The Receiver's Certificate satisfies the claim against the FDIC and, therefore, the Writ of Execution, and we would like to have that action dismissed.

Please advise ASAP.

jori

Georlen K. Spangler, Esq.
Kolesar & Leatham, Chtd.
3320 West Sahara Ave., Suite 380
Las Vegas, NV 89102
Voice: 702-362-7800
Fax: 702-362-9472

This communication (including any attachments) is not intended or written to be used, and it cannot be used, for the purpose of avoiding tax penalties that may be imposed on the taxpayer.

This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, any use of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately.



**Federal Deposit Insurance Corporation**
1601 Bryan Street, Dallas, TX 75201
_____ Division of Resolutions and Receiverships

March 22, 2011

Bradley F. Burns
C/O Christopher H. Byrd, Esq.
300 South Fourth St
Suite 1400
Las Vegas, NV 89101

SUBJECT:     10008 – FIRST NATIONAL BANK OF NEVADA
             RENO, NV – In Receivership
             **NOTICE OF ALLOWANCE OF CLAIM**

Dear Claimant:

On July 25, 2008  (the "Closing Date"), the FIRST NATIONAL BANK OF NEVADA, 6275 NEIL RD, RENO, NV, 89511 (the "Failed Institution") was closed by the Office of the Comptroller of the Currency, and the Federal Deposit Insurance Corporation (the "FDIC") was appointed Receiver (the "Receiver").

Enclosed you will find a Receiver's Certificate in the amount of $116,491.76.  The enclosed Receivership Certificate represents a formal record of your claim as allowed. As the FDIC acting as Receiver liquidates the assets of the Failed Institution, you may periodically receive payments on your claim through dividends.  The Receiver pays dividends according to the priorities established by applicable law.

The Receiver will send your dividends to the address shown on your Receivership Certificate, please notify this office if your address changes.

If you have uninsured deposits, as established by the FDIC's insurance determination, you automatically have a claim for such funds. **In the event you disagree with the FDIC's determination with respect to your uninsured deposits, you may seek a review of the FDIC's determination in the United States District Court for the federal judicial district where the principal place of business of the Failed Institution was located. You must request this review no later than 60 days after the date of this letter.**

If you have any questions, please call (972) 761-8677.

Sincerely,

Claims Agent
Claims Department

RLS7213

10008 - FIRST NATIONAL BANK OF NEVADA     RENO, NV
(Name and Location of Bank)

## RECEIVERSHIP CERTIFICATE OF PROOF OF CLAIM - NO.383

March 22, 2011

THIS IS TO CERTIFY THAT Bradley F. Burns _____ ████-6214
(Name)                                                      (Tax No.)

Of C/O Christopher H. Byrd, Esq., 300 South Fourth St, Suite 1400, Las Vegas, NV
(Address)

has made satisfactory proof that   Bradley F. Burns

is a creditor of the 10008 - FIRST NATIONAL BANK OF NEVADA          in the amount of

One hundred sixteen thousand four hundred ninety one and  seventy six /100

_____   Dollars upon the following

claim to wit:

FDIC USE ONLY

| CLAIM NUMBERS | ACCOUNT NUMBERS | AMOUNTS | DPC#/TAX CODE | AMOUNTS |
|---|---|---|---|---|
| 500009291-000 | | $116,491.76 | 940.0 | $114,971.00 |
| TOTALS | | $116,491.76 | 940.1 | $1,520.76 |
| | | | TOTALS | $116,491.76 |

Balance due in excess of any amount paid by and assigned the Federal Deposit Insurance Corporation and said creditor or the lawful assignee of this claim will alone be entitled to any distributions made hereon.

No assignment of this claim, or any portion thereof, will be recognized as to any distribution unless written notice of assignment has been given to the Receiver and accepted by it and entered thereon before such distribution has been paid.  Please complete the section below **only** if you are assigning your claim to another person or entity.

Claimant should notify the Receiver promptly of any change in claimant's address.

FEDERAL DEPOSIT INSURANCE CORPORATION, RECEIVER

By _____
                                   (Receiver)

ASSIGNMENT OF RECEIVER'S CERTIFICATE          Date: _____, _____

For value received claimant herein named hereby transfers and assigns the within claim to:

_____
(Name and Address)

_____          _____
(Original Claimant Signature)                        (Date Signed)

FDIC accepted/entered on Date: _____, _____     by  _____

# EXHIBIT 2

# EXHIBIT 2

## Georlen K. Spangler

| | |
|---|---|
| **From:** | Georlen K. Spangler |
| **Sent:** | Friday, April 01, 2011 9:00 AM |
| **To:** | CBYRD@FCLAW.com |
| **Subject:** | Re: FDIC adv. Burns:  Receiver's Certificate  (7211-5) |

Based on the case law it is not his choice.

Georlen K. Spangler, Esq.
Kolesar & Leatham, Chtd.
3320 West Sahara Ave., Suite 380
Las Vegas, NV  89102
Voice:  702-362-7800
Fax:  702-362-9472

This communication (including any attachments) is not intended or written to be used, and
it cannot be used, for the purpose of avoiding tax penalties that may be imposed on the
taxpayer.

This transmission is intended only for the use of the addressee and may contain
information that is privileged, confidential and exempt from disclosure under applicable
law. If you are not the intended recipient, any use of this communication is strictly
prohibited. If you have received this communication in error, please notify us
immediately.


----- Original Message -----
From: BYRD, CHRIS <CBYRD@FCLAW.com>
To: Georlen K. Spangler
Sent: Fri Apr 01 08:40:34 2011
Subject: RE: FDIC adv. Burns:  Receiver's Certificate  (7211-5)

Jori:
        Good morning.  I have not had the opportunity to discuss this with my client but I
am sure that he will not accept the certificate as satisfaction of his judgment.
        Chris


Fennemore Craig, P.C
Denver | Las Vegas | Nogales | Phoenix | Tucson www.FennemoreCraig.com

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with requirements imposed by the IRS, we
inform you that, to the extent this communication (or any attachment) addresses any tax
matter, it was not written to be (and may not be) relied upon to (i) avoid tax-related
penalties under the Internal Revenue Code, or (ii) promote, market or recommend to another
party any transaction or matter addressed herein (or in any such attachment). For
additional information regarding this disclosure please visit our web site.

CONFIDENTIALITY NOTICE: The information contained in this message may be protected by the
attorney-client privilege. If you believe that it has been sent to you in error, do not
read it. Please immediately reply to the sender that you have received the message in
error. Then delete it. Thank you.


-----Original Message-----
From: Georlen K. Spangler [mailto:gspangler@klnevada.com]
Sent: Thursday, March 31, 2011 2:44 PM
To: BYRD, CHRIS
Cc: Randolph L. Howard; Natalie M. Cox; E. Daniel Kidd
Subject: FDIC adv. Burns: Receiver's Certificate (7211-5)

Chris,

Attached is a copy of the letter dated March 22, 2011 to Bradley F.
Burns c/o you sending the Receiver's Certificate in the amount of $116,491.76, which is
the amount we calculated to be due on the California Judgment.  You said that you have not
yet received this.

The Receiver's Certificate satisfies the claim against the FDIC and, therefore, the Writ
of Execution, and we would like to have that action dismissed.

Please advise ASAP.

jori

Georlen K. Spangler, Esq.
Kolesar & Leatham, Chtd.
3320 West Sahara Ave., Suite 380
Las Vegas, NV 89102
Voice: 702-362-7800
Fax: 702-362-9472

This communication (including any attachments) is not intended or written to be used, and
it cannot be used, for the purpose of avoiding tax penalties that may be imposed on the
taxpayer.

This transmission is intended only for the use of the addressee and may contain
information that is privileged, confidential and exempt from disclosure under applicable
law. If you are not the intended recipient, any use of this communication is strictly
prohibited. If you have received this communication in error, please notify us
immediately.

# EXHIBIT 2

# EXHIBIT 2



**Federal Deposit Insurance Corporation**
1601 Bryan Street, Dallas, TX 75201 _____ Division of Resolutions and Receiverships

March 22, 2011

Bradley F. Burns
C/O Christopher H. Byrd, Esq.
300 South Fourth St
Suite 1400
Las Vegas, NV 89101

SUBJECT:     10008 – FIRST NATIONAL BANK OF NEVADA
             RENO, NV – In Receivership
             **NOTICE OF ALLOWANCE OF CLAIM**

Dear Claimant:

On July 25, 2008  (the "Closing Date"), the FIRST NATIONAL BANK OF NEVADA, 6275 NEIL RD, RENO, NV, 89511 (the "Failed Institution") was closed by the Office of the Comptroller of the Currency, and the Federal Deposit Insurance Corporation (the "FDIC") was appointed Receiver (the "Receiver").

Enclosed you will find a Receiver's Certificate in the amount of $116,491.76.  The enclosed Receivership Certificate represents a formal record of your claim as allowed. As the FDIC acting as Receiver liquidates the assets of the Failed Institution, you may periodically receive payments on your claim through dividends.  The Receiver pays dividends according to the priorities established by applicable law.

The Receiver will send your dividends to the address shown on your Receivership Certificate, please notify this office if your address changes.

If you have uninsured deposits, as established by the FDIC's insurance determination, you automatically have a claim for such funds. **In the event you disagree with the FDIC's determination with respect to your uninsured deposits, you may seek a review of the FDIC's determination in the United States District Court for the federal judicial district where the principal place of business of the Failed Institution was located. You must request this review no later than 60 days after the date of this letter.**

If you have any questions, please call (972) 761-8677.

Sincerely,

Claims Agent
Claims Department

RLS7213

10008 - FIRST NATIONAL BANK OF NEVADA        RENO, NV
(Name and Location of Bank)

## RECEIVERSHIP CERTIFICATE OF PROOF OF CLAIM - NO.383

March 22, 2011

THIS IS TO CERTIFY THAT Bradley F. Burns _____        ████-6214
                                        (Name)                    (Tax No.)

Of C/O Christopher H. Byrd, Esq., 300 South Fourth St, Suite 1400, Las Vegas, NV
                                        (Address)

has made satisfactory proof that  Bradley F. Burns

is a creditor of the 10008 - FIRST NATIONAL BANK OF NEVADA        in the amount of

One hundred sixteen thousand four hundred ninety one and  seventy six /100

_____  Dollars upon the following

claim to wit:

| | | | FDIC USE ONLY | |
|---|---|---|---|---|
| CLAIM NUMBERS | ACCOUNT NUMBERS | AMOUNTS | DPC#/TAX CODE | AMOUNTS |
| 500009291-000 | | $116,491.76 | 940.0 | $114,971.00 |
| TOTALS | | $116,491.76 | 940.1 | $1,520.76 |
| | | | TOTALS | $116,491.76 |

Balance due in excess of any amount paid by and assigned the Federal Deposit Insurance Corporation and said creditor or the lawful assignee of this claim will alone be entitled to any distributions made hereon.

No assignment of this claim, or any portion thereof, will be recognized as to any distribution unless written notice of assignment has been given to the Receiver and accepted by it and entered thereon before such distribution has been paid.  Please complete the section below **only** if you are assigning your claim to another person or entity.

Claimant should notify the Receiver promptly of any change in claimant's address.

FEDERAL DEPOSIT INSURANCE CORPORATION, RECEIVER

By _____
                              (Receiver)

ASSIGNMENT OF RECEIVER'S CERTIFICATE        Date: _____, _____

For value received claimant herein named hereby transfers and assigns the within claim to:

_____
(Name and Address)

_____        _____
(Original Claimant Signature)                        (Date Signed)

FDIC accepted/entered on Date: _____, _____  by  _____

RLS7213                                                                                    2

# EXHIBIT 3

# EXHIBIT 3

1 CHRISTOPHER H. BYRD, ESQ.
Nevada Bar No. 1633
2 LINDSAY A. HANSEN, ESQ.
Nevada Bar No. 11985
3 **FENNEMORE CRAIG, P.C.**
300 South Fourth Street, Suite 1400
4 Las Vegas, Nevada 89101
Telephone: (702) 692-8000
5 Facsimile: (702) 692-8099
Email: cbyrd@fclaw.com
6 Email: lhansen@fclaw.com

7 *Attorneys for Defendant Bradley F. Burns*

8 **UNITED STATES DISTRICT COURT**

9 **DISTRICT OF NEVADA**

10 FEDERAL DEPOSIT INSURANCE
CORPORATION, as Receiver for FIRST
11 NATIONAL BANK OF NEVADA,
successor-in-interest by merger to FIRST
12 NATIONAL BANK OF ARIZONA, N.A.,
a national banking association,
13
Plaintiffs,
14
vs.
15
LAKE ELSINORE 521, LLC, a Nevada
16 limited liability company; BRADLEY F.
BURNS, an individual; and DOES 1
17 through 100 inclusive,
18
Defendants.

Case No.: 2:11-CV-00386-KJD-LRL
*(formerly Case No.: 2:11-ms-00016-NA)*

19

20 **NOTICE OF U.S. MARSHAL'S SALE OF PERSONAL PROPERTY**

21     On March 11, 2009, a Judgment was entered by the United States District Court for

22 the Central District of California, in favor of Defendant, BRADLEY F. BURNS

23 (hereinafter the "Judgment Creditor"), and against Plaintiffs, FEDERAL DEPOSIT

24 INSURANCE CORPORATION, as Receiver for FIRST NATIONAL BANK OF

25 NEVADA, successor-in-interest by merger to FIRST NATIONAL BANK OF

26 ARIZONA, N.A., a national banking association (hereinafter the "Judgment Debtors"), in

27 the amount of ONE HUNDRED FOURTEEN THOUSAND NINE HUNDRED

28 SEVENTY-ONE and 00/100 DOLLARS ($114,971.00), plus post-judgment interest at the

FENNEMORE CRAIG, P.C.
LAS VEGAS

LAS/DMAUL/111951.2/024399.0001

- 1 -

1   Federal rate from the date of the Judgment until fully satisfied.  Thereafter, pursuant to 28

2   U.S.C. § 1963, the Judgment was registered with the United States District Court for the

3   District of Nevada on February 10, 2011.

4          On February 24, 2011, the Clerk of the United States District Court for the District

5   of Nevada entered a Writ of Execution authorizing the Judgment Creditor to execute and

6   sell at a U.S. Marshal's sale all right, title and interest in the following personal property

7   of the Judgment Debtors:   Plaintiffs'/Judgment Debtors' choses in action, causes of

8   action, and claims brought in the United States District Court – District of Nevada Case #:

9   2:08-cv-01571-PMP-GWF,   entitled:   FEDERAL   DEPOSIT   INSURANCE

10  CORPORATION vs. JASON HALPERN, et al.

11         The Writ of Execution was entered in favor of the Judgment Creditor and against

12  the Judgment Debtors.  The amount due under the Judgment as of the date the Writ of

13  Execution was issued by the Court was ONE HUNDRED SIXTEEN THOUSAND FOUR

14  HUNDRED NINETY-ONE and 76/100 DOLLARS ($116,491.76).

15         The personal property has been executed upon by the Judgment Creditor for the

16  satisfaction of the above described Judgment and will be sold by the US Marshal for the

17  District of Nevada to the highest bidder on **April 26, 2011** at the hour of **9:00 a.m.** on the

18  steps of the Entrance of the Lloyd D. George U.S. Courthouse, United States District

19  Court for the District of Nevada – Las Vegas, located at 333 S. Las Vegas Blvd, Las

20  Vegas, Nevada.

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

1    All interested parties may bid on the property at the execution sale and the property

2  will be sold to the highest bidder.  Any bidder wishing to make a bid must bring cash or

3  cashier's checks to the sale sufficient to cover the amount of its bid.  The minimum bid is

4  $25,000.00. Upon sale of the personal property, the purchaser shall be substituted for and

5  acquire all the right, title and interest of the Judgment Debtors in such property.  The

6  purchaser shall be given a certificate of sale as provided by NRS § 21.180.

7    DATED this _____ day of March, 2011.

8                                         U.S. MARSHAL – DISTRICT OF NEVADA

9

10

11                                       _____
                                         Deputy U.S. Marshal

12
   Submitted by:
13 FENNEMORE CRAIG, P.C.

14

15 CHRISTOPHER H. BYRD, ESQ.
   Nevada Bar No. 1633
16 LINDSAY A. HANSEN, ESQ.
   Nevada Bar No. 11985
17 300 South 4th Street, Suite 1400
   Las Vegas, Nevada  89101
18
19 *Attorneys for Defendant Bradley F. Burns*

20

21

22

23

24

25

26

27

28

FENNEMORE CRAIG, P.C.
   LAS VEGAS

LAS/DMAUL/111951.2/024399.0001

- 3 -