**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for FIRST NATIONAL BANK OF NEVADA, successor-in-interest by merger to FIRST NATIONAL BANK OF ARIZONA, N.A., a national banking association,<br><br>Plaintiffs,<br>vs.<br><br>LAKE ELSINORE 521, LLC, a Nevada limited liability company; BRADLEY F. BURNS, an individual; and DOES 1 through 100 inclusive,<br><br>Defendants. | Case No.: 2:11-cv-00386-GMN-LRL<br><br>**ORDER** |

## **INTRODUCTION**

Before the Court is Defendant Bradley F. Burns' Motion for Attorneys' Fees and Costs (ECF No. 34). Plaintiffs Federal Deposit Insurance Company, First National Bank of Arizona, N.A., and First National Bank of Nevada filed a Response (ECF No. 38) and Defendant Bradley F. Burns filed a Reply (ECF No. 40).

## **FACTS AND BACKGROUND**

Bradley Burns was a judgment creditor against FDIC. Mr. Burns received a final judgment granting an award of attorney's fees in the United States District Court, Central District of California in March 2009. (*See* Civil Minutes, ECF No. 1). Mr. Burns filed a Certification of Judgment for Registration in Another District in this Court on February 10, 2011. (Cert. of Judgment, ECF No. 1.) A Writ of Execution in favor of Mr. Burns and against FDIC in the amount of $116,491.76 was issued by the clerk on February 24, 2011. (Writ of Execution, ECF No. 7.) A Notice of U.S. Marshal's Sale of Personal Property issued, scheduling the sale of the

FDIC's personal property for April 26, 2011. (Notice of Marshal's Sale, Ex. 3, ECF No. 19.) Plaintiff was seeking to sell all rights, title and interest in FDIC's choses in action, causes of action and claims brought in the United States District Court-District of Nevada Case No. 2:08-cv-01571-PMP-GWF, entitled *Federal Deposit Insurance Corporation v. Jason Halpern, et. al.* (*Id.*). FDIC filed a request for 90-day stay pursuant to 12 U.S.C. § 1821 (d)(12)(A)(ii) in order to assess the claims and consider an issuance of a Receiver's Certificate. (Motion to Stay, ECF No. 9.) The stay was denied. (Minute Order, ECF No. 23.)

On March 22, 2011, the FDIC issued a Receivership Certificate of Proof of Claim to Bradley Burns in satisfaction of the judgment at issue in this litigation. An acknowledgment of service executed by Mr. Burns' Attorney stated he received the receivership certificate on April 12, 2011. (Acknowledgment of Service, ECF No. 20.)

FDIC brought an emergency motion requesting that this Court quash the Writ of Execution and issue an order prohibiting the Marshal from continuing with the sale of personal property identified in the Notice of Sale. (Motion to Quash, ECF No. 19.) The FDIC further asked the Court to issue an order compelling Mr. Burns and his attorneys to acknowledge the satisfaction of the judgment, as it was undisputed that the Receiver's Certificate has been issued to Mr. Burns in full satisfaction of the judgment. (*Id.*)

This Court found that the Writ of Execution was issued improperly and Ordered that it be quashed. (Order, ECF No. 32.) However, the Court did find that FDIC's refusal to make any payment on the court ordered judgment was in bad faith and ordered that FDIC must make a cash payment to Mr. Burns to satisfy the Central District of California Judgment. (*Id.* at 8.)

Mr. Burns then filed the initial motion for attorneys' fees and costs incurred to collect payment on the Central District of California Judgment. (Mtn for Atty Fees, ECF No. 34.)

## DISCUSSION

Each party in a lawsuit ordinarily shall bear its own attorney's fees; this is known as the

"American Rule." *Hensley v. Eckerhart*, 461 U.S. 424, 429 103S.Ct. 1933, 1937 (1983). However, Fed. R. Civ. P. 54(d)(2) authorizes a federal court to award attorney fees if there is a valid contract that provides for the award, an express statutory authority or rule authorizing the award, or if the court awards fees pursuant to its inherent equitable power in the interest of justice. *See U.S. v. Standard Oil Co. of California*, 603 F.2d 100 (9th Cir. 1979).  Rule 54(d) provides that costs should be allowed to a prevailing party.

Mr. Burns asks this Court to award attorneys' fees and costs pursuant to its inherent equitable power in the interest of justice because of the Court's finding that FDIC's conduct was in bad faith.  Mr. Burns asks for $73,248.00 in attorneys' fees that were incurred in his effort to force FDIC to satisfy the California Judgment.  Specifically, Mr. Burns claims that his attorneys' fees were incurred by : (1) preparing an administrative claim; (2) preparing and filing a lawsuit following the unreasonable denial of Burns' administrative claim for recovery of the Judgment amount; (3) registering the Judgment in the District of Nevada; (4) taking multiple steps to obtain the writ of execution and schedule the Marshal's sale; (5) opposing the FDIC's baseless request for a 90-day stay of litigation; (6) filing the Motion for Leave to File a Surreply to respond to the improper arguments raised for the first time in the FDIC's reply in support of its request for a 90-day stay; (7) filing a Surreply to address the improper arguments raised in the FDIC's reply; (8) drafting multiple letters to address the FDIC's filing of documents containing Burns' social security number, the FDIC's filing of an altered document, and the FDIC's misrepresentation of the procedural posture of the case to the U.S. Marshal; (9) opposing the FDIC's "emergency" motion to quash the writ of execution; (10) preparing for the hearing on the FDIC's motion held on April 20, 2011; and (11) briefing the instant motion.  This amounts to 225.50 hours from March 31, 2010 through May 6, 2011.

The Court will award reasonable attorneys' fees and costs pursuant to its inherent power because it finds that FDIC acted in bad faith in refusing to satisfy the California Judgment sooner.

Calculation of reasonable attorney's fees is a two-step process. First, the court computes the "lodestar" figure, which requires the court to multiply the reasonable hourly rate by the number of hours reasonably expended on the litigation. *Fischer v. SJB-P.D., Inc.*, 214 F.3d 1115, 1119 (9th Cir.2000) (citation omitted). The next step is to decide whether to increase or reduce the lodestar amount based upon the *Kerr* factors not already included in the initial lodestar calculation. *Fischer*, 214 F.3d 1115, 1119. The *Kerr* factors are: (1) the time and labor required, 2) the novelty and the difficulty of the questions involved, 3) the skill required to perform the legal service properly, 4) the preclusion of other employment by the attorney due to the acceptance of the case, 5) the customary fee, 6) whether the fee is fixed or contingent, 7) time limitations imposed by the client or circumstances, 8) the amount involved and the results obtained, 9) the experience, reputation, and ability of the attorney, 10) the "undesirability" of the case, 11) the nature and length of the professional relationship with the client, and 12) awards in similar cases. *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir.1975). The *Kerr* factors are consistent with the local rule governing motions for attorney's fees. *See* LR 54-16(b)(3).

Under the first step of the lodestar method the court looks to see if the rate and hours are each reasonable. Fennemore Craig's prevailing rates on this matter were: $395-$425 per hour for directors, $250 per hour for associate attorneys, and $165 per hour for paralegals. The Courts find that these are reasonable rates in the Las Vegas legal market. Fennemore Craig claims 225.5 hours in having to collect the Judgment in this case. However, the Court will not award fees for the time spent in obtaining the Writ of Execution or opposing the Motion to Quash, because Mr. Burns was not the prevailing party on that issue as the Writ of Execution was obtained improperly. The Court is also troubled by the items charged from March 31, 2010 until May 7, 2010. It appears this time was spent drafting and filing the complaint in case no. 2:10-cv-00468-RCJ-RJJ, as the time period does not relate to any time spent on the instant case. This Court is not going to award attorney's fees with respect to work done on another case, even if the subject

matter is similar. Accordingly, the Court excludes these items in calculating a total fee award of $34,404.00.

The next step is to decide whether to increase or reduce the lodestar amount based upon the *Kerr* factors. Fennemore Craig provides a brief summary of the hours and labor and results obtained in accordance with Local Rule 54-16(b). The Court does not find that there should be any increase or decrease on the adjusted amount based on these factors.

Fennemore Craig claims to have incurred $1,489.47 in costs related to this matter. Included in these cost calculations are a messenger service fee for $33.00 incurred on March 23, 2010 and a U.S. District Court Filing Fee for $350.00 incurred on April 5, 2010. However, neither of these amounts appear to have been incurred with the present litigation which was initiated on February 10, 2011 and therefore the Court will exclude these amounts. Also, the Court will not reimburse the fees incurred in obtaining the Writ of Execution with the Marshal's Office. Accordingly, the Court awards costs in the amount of $415.27.

## **CONCLUSION**

**IT IS HEREBY ORDERED** that Defendant Bradley F. Burns' Motion for Attorneys' Fees and Costs (ECF No. 34) is **GRANTED in part and DENIED in part**.

Plaintiff is awarded $34,404.00 in attorneys' fees and $415.27 in costs.

DATED this 1st day of November, 2011.

_____
Gloria M. Navarro
United States District Judge